IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MELISSA HERBERT                                                                    PLAINTIFF

v.                                                              CAUSE NO. 1:17CV228-LG-RHW

LORRAINE WHITE and
ALLSTATE INSURANCE COMPANY                                          DEFENDANTS

## ORDER GRANTING MOTION TO SEVER
## AND TO PARTIALLY REMAND

BEFORE THE COURT is the [6] Motion to Sever and Partially Remand to State Court filed by Defendant, Allstate Insurance Company. Plaintiff Melissa Herbert did not file a response. Having considered the Motion and the applicable law, the Court finds that the Motion should be granted. The claims against Defendant White will be severed and remanded back to state court.

BACKGROUND

Herbert filed this lawsuit in the County Court of Harrison County, Mississippi against Defendant White, an uninsured driver, and Allstate, Herbert's insurer. Herbert brings negligence claims against White and contract claims against Allstate. (Notice of Removal Ex. A 2-4, ECF No. 1-1). Allstate argues that the claims are wholly distinct, thus entitling Allstate to a severance. Allstate further argues that once the claims are severed, this Court has diversity jurisdiction over the claims against it as Herbert is a citizen of Mississippi and Allstate is incorporated in Delaware and has its principal place of business in Illinois.

DISCUSSION

**A.. Motion to Sever**

Allstate argues that Herbert improperly joined her tort claims against White with her contract claims against Allstate. The misjoinder of plaintiffs cannot be used to circumvent diversity jurisdiction. *In re: Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002). This Court utilizes Mississippi Rule of Civil Procedure 20 in the improper joinder analysis. *See Hampton v. State Farm Mut. Auto. Ins. Co.*, No. 3:15-CV-576-CWR-FKB, 2015 WL 11233043, at *2-3 (S.D. Miss. Sept. 24, 2015). Joinder is improper unless both prongs of Rule 20(a) are satisfied. *See id*.

Mississippi's Rule 20(a) states that joinder is proper when: (1) the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants will arise in the action. Miss. R. Civ. P. 20(a). In a factually similar case in which the Mississippi Supreme Court applied Rule 20(a), claims against an individual and a first party breach of contract and bad faith claim against the individual's insurance company were held to involve distinct litigable events. *See Hedgwood v. Williamson*, 949 So. 2d 728, 731 (Miss. 2007). The federal courts of Mississippi have applied the *Hedgwood* analysis to matters of improper misjoinder. *See Hampton*, 2015 WL 11233043, at *2-3; *Tolbert v. State Farm Mut. Auto. Ins. Co.*, No. 3:15-CV-0042, 2015 WL 3450524, at *2 (N.D. Miss. May 29, 2015).

Herbert's claim against White is for damages resulting from the accident, a claim based on tort. Herbert's claim against Allstate is based on contract, arising

out of the subsequent claims handling process.  These claims are distinct litigable events.  Therefore, the claims should be severed.

**B. Motion to Remand**

Having severed the diverse claim from the non-diverse claim, the Court may remand one while retaining jurisdiction over the other.  *See, e.g., Cartwright v. State Farm Mut. Auto Ins. Co.*, No. 4:14-cv-00057-GHD-JMV, 2014 WL 6959045, at *8 (N.D. Miss. Dec. 8, 2014).  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." 28 U.S.C. § 1332(a)(1).  Both Herbert and White are Mississippi citizens, and therefore Herbert's claims against White should be remanded to state court for lack of diversity of citizenship.  However, the claim by Herbert against Allstate, a Delaware corporation, should remain in this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [6] Motion to Sever and Partially Remand filed by Defendant Allstate Insurance Company is **GRANTED**.  The above styled and numbered cause, insofar as it pertains to the claims against Defendant Lorraine White, should be and is hereby **REMANDED TO THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI**.  The claims against Allstate will remain in this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 20th day of September, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE